## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARK MITCHELL and wife VAKITA MITCHELL** | § § § | |
| **PLAINTIFFS,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 306-CV-2099K** |
| **CHASE HOME FINANCE LLC** | § § | |
| **DEFENDANT** | § § | |

### DEFENDANT CHASE HOME FINANCE LLC'S ORIGINAL ANSWER

CHASE HOME FINANCE LLC ("CHF") files this its Original Answer to Plaintiffs' Original Petition and Application for Temporary Restraining Order ("the Complaint"). Because most of the paragraphs in the Complaint were not numbered, a copy of the Complaint has been attached hereto as Exhibit A, with paragraph numbers added to facilitate the required line-by-line response. CHF would answer as follows:

### I.
### PARTIES

1.    CHF is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint, and therefore denies same.

2.    CHF admits that it has been served and now appears in this action, but denies the remainder of the allegations in paragraph 2 of the Complaint.

### II.
### NATURE OF ACTION, JURISIDICTION AND VENUE

3.    CHF denies the allegations in paragraph 3 of the Complaint.

4.    CHF admits the allegations of paragraph 4 of the Complaint.

5.      CHF admits that this court has jurisdiction over CHF, but denies the remainder of the allegations in paragraph 5 of the Complaint.

6.      CHF admits that venue is proper in this court.

7.      No response is required to paragraph 7 of the Complaint.

### III.
### AGENCY AND RESPONDEAT SUPERIOR

8.      No response is required to paragraph 8 of the Complaint.

### IV.
### FACTUAL BACKGROUND

9.      CHF admits that Plaintiffs have owned the property at issue, subject to CHF's lien. CHF denies the remainder of the allegations of paragraph 9 of the Complaint.

10.      CHF would state that the Note, Deed of Trust, and related documents speak for themselves. CHF denies the remainder of the allegations of paragraph 10 of the Complaint.

11.      CHF would state that the Note, Deed of Trust, and related documents speak for themselves. CHF denies the remainder of the allegations of paragraph 11 of the complaint.

12.      CHF admits that Plaintiffs have failed to timely make payments on the mortgage loan at issue. CHF denies the remainder of the allegations of paragraph 12 of the Complaint.

13.      CHF denies the allegations in paragraph 13 of the Complaint.

14.      CHF admits that the property at issue has been posted for foreclosure. CHF denies the remaining allegations in paragraph 14 of the Complaint.

### V.
### CAUSES OF ACTION

15.      CHF would state that the Note and the HUD regulations speak for themselves. CHF denies the remaining allegations of paragraph 15 of the Complaint.

16.     CHF would state that the HUD regulations speak for themselves. CHF denies the remaining allegations of paragraph 16 of the Complaint.

17.     CHF denies the allegations in paragraph 17 of the Complaint.

18.     CHF denies the allegations in paragraph 18 of the Complaint.

19.     CHF denies the allegations in paragraph 19 of the Complaint.

20.     No separate response is required to paragraph 20 of the Complaint.

21.     CHF denies the allegations in paragraph 21 of the Complaint.

22.     No separate response is required to paragraph 22 of the Complaint.

23.     CHF denies the allegations in paragraph 23 of the Complaint.

24.     CHF denies the allegations in paragraph 24 of the Complaint.

25.     CHF denies the allegations in paragraph 25 of the Complaint.

26.     CHF denies the allegations of paragraph 26 of the Complaint.

27.     CHF denies the allegations of paragraph 27 of the Complaint.

28.     CHF denies the allegations of paragraph 28 of the Complaint.

29.     CHF denies the allegations of paragraph 29 of the Complaint.

30.     CHF denies the allegations of the paragraph 30 of the Complaint.

31.     No separate response is required to paragraph 31 of the Complaint.

32.     CHF denies the allegations in paragraph 32 of the Complaint.

33.     CHF denies the allegations in paragraph 33 of the Complaint.

34.     CHF denies the allegations in paragraph 34 of the Complaint.

35.     CHF denies the allegations in paragraph 35 of the Complaint.

36.     CHF denies the allegations in paragraph 36 of the Complaint.

37.     CHF denies the allegations in paragraph 37 of the Complaint.

38.    CHF denies the allegations in paragraph 38 of the Complaint.

39.    CHF denies the allegations in paragraph 39 of the Complaint.

40.    No separate response is required to paragraph 40 of the Complaint.

41.    CHF denies the allegations in paragraph 41 of the Complaint.

42.    CHF denies the allegations in paragraph 42 of the Complaint.

43.    CHF denies the allegations in paragraph 43 of the Complaint.

44.    CHF denies the allegations in paragraph 44 of the Complaint.

45.    CHF denies the allegations of paragraph 45 of the Complaint.

46.    CHF denies the allegations of paragraph 46 of the Complaint.

47.    CHF denies the allegations of paragraph 47 of the Complaint.

## VI.
## DAMAGES

48.    CHF denies the allegations in paragraph 48 of the Complaint, and denies that Plaintiffs are entitled the relief requested therein.

## VII.
## DEMAND FOR JURY

49.    No response is required to paragraph 49 of the Compliant.

## VIII.
## INJUNCTIVE RELIEF

50.    CHF admits that the property was posted for foreclosure, but denies the remaining allegations of paragraph 50 of the Complaint.

51.    CHF denies the allegations in paragraph 51 of the Complaint.

52.    CHF denies the allegations in paragraph 52 of the Complaint.

53.    Paragraph 53 contains a pure allegation of law to which no response is required.

## IX.

## PRAYER

54.     CHF denies the allegations in paragraph 54 of the Complaint, and denies that Plaintiffs are entitled to the relief requested therein.

## X.
## ADDITIONAL DEFENSES

55.     Plaintiffs have failed to state a claim against CHF upon which relief can be granted.

56.     CHF specifically denies that all conditions precedent to Plaintiffs' claims for recovery have occurred or been met, and they have not been waived.

57.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

58.     Plaintiffs' claims are barred in whole or in part, by the negligence and/or comparative responsibility of Plaintiffs, persons acting on the Plaintiffs' behalf, and/or third-parties.

59.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have suffered no compensable damages.

60.     Plaintiffs' claims are barred in whole or in part, by the Plaintiffs' failure to mitigate damages.

61.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

62.     Some or all of the claims Plaintiffs assert may be pre-empted by applicable state and federal statutes.

63.     CHF seeks credit or offset for amounts owed under the Note.

64.     Some or all of Plaintiffs' claims may be barred by the doctrine of election of remedies.

65.     Plaintiffs are not "consumers" under the applicable statutes as to the conduct of which they complain.

66.     Plaintiffs' punitive damages claims are barred in whole or in part by the Due Process Clause and Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice Remedies & Remedies Code, or any other applicable law.

67.     Plaintiffs' request for declaratory relief is duplicative of other causes of action plead, and is therefore inappropriate and inapplicable.

Respectfully submitted,

WM. LANCE LEWIS
State Bar No. 12314560
GREGORY M. SUDBURY
State Bar No. 24033367
**QUILLING, SELANDER, CUMMISKEY &
LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1827 (Direct)
(214) 871-2111 (Fax)
llewis@qsclpc.com
gsudbury@qsclpc.com

**ATTORNEYS FOR CHASE HOME FINANCE
LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiffs, via certified mail, return receipt requested, as set forth below, on this 22 day of November, 2006:

J.B. Peacock, Jr.
D.G. Gagnon
Gagnon & Peacock, P.C.
4245 North Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205

_____
Wm. Lance Lewis / Gregory M. Sudbury



CAUSE NO. ___06-11406___

| | | |
|---|---|---|
| MARK MITCHELL and wife | § | IN THE DISTRICT COURT |
| VAKITA MITCHELL | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | G-134th JUDICIAL DISTRICT |
| | § | |
| CHASE HOME FINANCE, LLC | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, MARK MITCHELL and wife VAKITA MITCHELL, Plaintiffs, complaining of CHASE HOME FINANCE, LLC ("Chase"), Defendant, in this their Plaintiffs' Original Petition and for cause of action would respectfully show unto the Court as follows, to-wit:

### I. PARTIES

1.      Plaintiffs are individuals who reside in Dallas County, Texas.

2.      Defendant Chase is a foreign limited liability company doing business in the state of Texas and may be served with citation by serving its registered agent CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

### II. NATURE OF ACTION, JURISDICTION, AND VENUE

3.      This is a suit to enjoin and restrain a foreclosure sale posted under an unlawful declaration of default and acceleration of maturity of a promissory note.

4.      The amount in controversy exceeds the minimum jurisdictional limits of this Court, and the Court has jurisdiction over the subject matter.

Exhibit A

5. The Court has jurisdiction over the Defendant, in that Defendant is doing business in Dallas County, Texas.

6. As a suit affecting title to land, this court has venue pursuant to Texas Civil Practice and Remedies Code § 15.011. Moreover, venue is proper because all or a substantial part of the events or omissions that gave rise to this claim occurred in this county.

7. This is a Level III case for purposes of discovery.

### III. AGENCY AND RESPONDEAT SUPERIOR

8. Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### IV. FACTUAL BACKGROUND

9. Plaintiffs were and are the rightful owners of the Property, and is currently in possession of the Property. *See* the Affidavit of Vakita Mitchell, attached hereto as **Exhibit 1** and incorporated herein. The Property is more particularly described as:

> Lot 1, Block D of PARKVIEW ADDITION IV, PHASE 2, an Addition to the City of Mesquite, Dallas County, Texas, according to the map or plat thereof recorded in Volume 99035, Page 56, of the Map Records of Dallas County, Texas. More commonly known as 730 Garnet Drive, Mesquite, Texas 75150.

10. On or about April 20, 2000, Plaintiffs purchased the property and executed a Note payable to First Union Mortgage Corporation in furtherance of a loan for the purchase of the Property. (*See* **Exhibit A** attached to the Affidavit of Vakita Mitchell and incorporated herein.) On or about the same day, a Deed of Trust to secure the payment of the note was executed by Plaintiffs. A true and correct copy of the Deed of Trust as provided to Plaintiffs is attached to

the Affidavit of Vakita Mitchell as **Exhibit B** and incorporated herein. Plaintiffs were also provided with a Settlement Statement and various disclosures, true and correct copy of which are attached to the Affidavit of Vakita Johnson as **Exhibit C** and incorporated herein. Plaintiffs' mortgage loan was then assigned to Chase Home Finance, LLC, Successor by Merger to Chase Manhattan.

11.     As is evidenced by the aforementioned documents, the Note and Deed of Trust were issued subject to the provisions of the Fair Housing Act ("FHA") (as FHA Case No. 492-6892752-703), and subject to the regulations of the Department of Housing and Urban Development ("HUD"), and Real Estate Settlement Procedures Act of 1974, as amended, 12 U.S.C. Section 2601 et. seq. A portion of each of Plaintiffs' monthly payments included amounts toward ad valorem taxes and FHA mortgage insurance. Chase, at all times herein, is the loan servicer.

12.     In early 2002, Plaintiff Mark Mitchell suffered a work-related injury and was unable to work for 7 months. During that period, Plaintiff's income was reduced 50%. As a result, Plaintiffs fell behind on their payments and ultimately had to file for bankruptcy relief in August 2002. In May 2006, Plaintiffs suffered an unexpected emergency which caused Plaintiffs to default on their mortgage loan for 2 months. In an attempt to cure the default, in July 2006, Plaintiffs sent Chase a payment; however, Chase refused and returned the payment to Plaintiffs and instead began foreclosure proceedings. (*See* **Exhibit D** attached to the affidavit of Vakita Mitchell.) Defendant has failed to credit Plaintiffs' loan with all of the Trustee payments, and the direct payments.

13.     Plaintiffs have continuously tried to correct the error, but Defendant, through various agents and representatives, has made numerous demands and representations concerning

the amounts allegedly owed on Plaintiffs' mortgage loan which were false, inaccurate, and were made recklessly, and with total disregard for the truth or validity thereof. Defendant repeatedly misrepresented and misstated the correct amounts owed on Plaintiffs' mortgage account. All of such demands for payment made by Defendant were made unlawfully and in violation of applicable state law and applicable FHA regulations.

14. As a result of the errors and omissions of the Defendant, Plaintiffs' home has been posted for a foreclosure sale on November 7, 2006, despite the fact that the property had been improperly posted for foreclosure. The demands made in connection therewith, and the actions taken to accelerate and post the property for foreclosure were made unlawfully and in violation of applicable state statutes and the FHA regulations. Despite repeated complaints by Plaintiffs, and attempts to have Defendant correct its records, Defendant has failed and refused to cancel the foreclosure sale. By this pleading Plaintiffs seek a Temporary Restraining Order, as well as other remedies set forth herein.

## V. CAUSES OF ACTION

15. As is evidenced by the Note (**Exhibit A**) attached to the Affidavit of Vakita Mitchell, default under the terms of the Note is limited by HUD regulations.

16. Defendant is not authorized to accelerate or foreclose if not so permitted by HUD regulations. The HUD regulations were and are part of an integrated contract to which Defendant is bound to comply. See, *Hernandez v. Home Sav. Ass'n of Dallas County*, 606 F.2d 596 (5th Cir.(Tex.), Nov 15, 1979) (Parties to a federally insured mortgage transaction executing instruments furnished by Department of Housing and Urban Development agreed to be bound by HUD regulations implementing federal multifamily housing mortgage insurance program, building loan agreement, which along with other documents and regulations constituted an

integrated contract.)  Plaintiffs have paid good and valuable consideration for the privilege of having a loan serviced under the administrative requirements of HUD and procuring the issuance of HUD mortgage insurance.

17  New Jersey courts have held that HUD regulations are legally binding upon mortgage lenders and will bar foreclosure. *Associated East Mortg. Co. v. Young*, 163 N.J.Super. 315, 394 A.2d 899 (N.J.Super.Ch. 1978).  Likewise, Illinois courts recognize that the lenders failure to abide by the very regulations at issue herein can be raised as affirmative defenses to foreclosure. *Mellon Mortg. Co. v. Larios*, 1998 WL 292387 (N.D.Ill. 1998); *Mfrs. Hanover Mortgage Corp. v. Ballard*, 1985 WL 3075 (N.D.Ill. 1985); and *Bankers Life Co. v. Denton*, 120 Ill.App.3d 576, 458 N.E.2d 203, 76 Ill.Dec. 64 (Ill.App. 3 Dist. 1983).  See also, *GMAC Mortg. of Pennsylvania v. Gray*, 1991 WL 268742 (Ohio App. 10 Dist. 1991) (not reported).  Texas courts have not ruled to the contrary and should hold likewise, especially in light of the express terms of the mortgage instruments.

18  As a servicer of a FHA loan[1], Defendant was required to conduct a face-to-face interview with the Plaintiffs, or make a reasonable effort to arrange such a meeting.  See, 24 C.F.R. 203.604(b).  Such a reasonable effort consists of a letter sent to Plaintiffs by certified mail and requires at least one trip to see the Plaintiffs at the Property.  Defendant is also required to inform Plaintiffs of other available assistance.  See, 24 C.F.R. 203.604(e)(2).  Moreover, Defendant was required to accept partial payments and apply it to Plaintiffs account or hold it in trust pending disposition of the account.  See, 24 C.F.R. 203.556(b).  Plaintiffs, by affidavit attached hereto, affirm that Defendant has failed to comply with the foregoing.  Finally, Defendant was required

---

[1] While the provisions cited herein typically refer to the Department of Housing and Urban Development ("HUD"), HUD has the authority and responsibility for administering the Fair Housing Act ("FHA") pursuant to 42 U.S.C. 3608.

to conduct a Loss Mitigation Evaluation pursuant to 24 C.F.R. 203.605 and 203.501.   No evidence of such an evaluation appears of record.

19    As a proximate result of the foregoing wrongful acceleration by Defendant, Plaintiffs have incurred damages, including mental anguish, filing fees, and reasonable and necessary attorney fees.

### *Breach of Contract*

20   The allegations set forth above are included herein.

21   The breach of the contract, the anticipatory breach of the contract, negligent misrepresentation and violations of the Real Estate Settlement Procedures Act, as set forth above were a proximate cause of Plaintiffs' damages as set forth below.

### *Deceptive Trade Practices Act*

22   The allegations set forth above are included herein.

23   This is a cause of action pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").

24   At all relevant times, Plaintiffs were consumers within the meaning of the DTPA, and the transactions entered into were consumer transactions as defined therein.   Defendant's predecessor and the Defendant have entered into a contract in a consumer transaction for the purpose of furnishing services, including but not limited to the management and handling of loan servicing, and payment processing.

25   Defendant has violated the DTPA in a manner that has been and is a producing cause of damages to the Plaintiffs.  The Defendant's violations include:

   A.   Engaging in a false, misleading or deceptive act or practice in the conduct of trade or commerce with as follows:

(1)    By taking advantage of the consumer's lack of knowledge, ability, experience, or capacity to a grossly unfair degree. Tex. Bus. & Com. Code § 17.45(5);

26    Furthermore, as a result of such actions and omissions, and such course of conduct, Plaintiffs are further entitled to relief pursuant to §17.50(a)(2) of the DTPA, because Defendant has violated express or implied warranties, and §17.50(a)(3) of the DTPA, because its actions and course of conduct are unconscionable.

27    Plaintiffs therefore seek recovery of all relief provided by law, including but not limited to all actual direct and indirect economic damages, including but not limited to damages for loss of credit and damage for credit reputation, attorney's fees and mental anguish and emotional distress, damages resulting from payment of excess or additional interest due to inability to refinance, and any consequential damages, all in amounts exceeding the minimum jurisdictional limits of the Court.

28    Since such conduct on the part of Defendant was knowing, Plaintiffs further demand recovery of treble the amount of actual damages exceeding $1,000.00, pursuant to §17.50 of the DTPA.

29    Plaintiffs further seek recovery of their reasonable and necessary attorney's fees for bringing this action, pursuant to §17.50 of the DTPA, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court, in amounts exceeding the minimum jurisdictional limits of this Court, plus costs of court and recoverable expenses.

30    Providing the statutory sixty (60) day notice prior to the filing of this suit would have been impracticable due to the scheduled sale of the property. Therefore, Plaintiffs rely upon the exception to the notice requirement as provided in § 17.505 of the DTPA.

### *Texas Consumer Credit Code/Debt Collection Practices Act*

31    Plaintiffs reallege the allegations contained above, inclusive, and incorporates the same herein by reference.

32    This is an action for violations of the Texas Debt Collection Practices Act, §§ 392.001 et seq., Texas Finance Code.

33    Plaintiffs are "consumers" within the meaning of § 392.001 of the Texas Finance Code, and the debt in question relating to the property is a "consumer debt" within the meaning of such statute.

34    The acts, omissions, and conduct of the Defendant, as alleged above, constitute violations of the following provisions of the Texas Debt Collection Practices Act:

      a.    Misrepresenting the character, extent, or amount of a consumer debt, in violation of § 392.304(s)(8) of the Texas Finance Code.

35    Through its communications and demands, Defendant has misrepresented the amounts allegedly owed by Plaintiffs on their mortgage loan, has wrongfully accelerated and posted the property in question, and has imposed wrongful charges on Plaintiffs' mortgage account.

36    Pursuant to such violations of law, Plaintiffs are entitled to relief provided by § 392.403 of the Texas Finance Code, including by not limited to recovery of all actual damages sustained as a result of violations of such provisions of the Texas Debt Collection Practices Act, all actual direct and indirect economic damages, including but not limited to damages for loss of credit and damage to credit reputation, attorneys' fees, and mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages, all in amounts exceeding the minimum jurisdiction limits of the Court.

37    Also, pursuant to § 392.403 of the Texas Finance Code, Plaintiffs are entitled to recover their attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court, in amounts exceeding the minimum jurisdiction limits of this Court.

38    Pursuant to the § 392.404 of the Texas Finance Code, all of the above and foregoing violations of the Texas Finance Code also constitute deceptive trade practices in violation of the Texas Deceptive Trade Practices Act, and are actionable thereunder.  Therefore, Plaintiffs are entitled to recovery of all their actual and consequential damages, of which such illegal acts are the producing cause, and other relief as deemed appropriate by the Court, pursuant to Section 17.50 of the Texas Deceptive Trade Practices Act.

39    Such actual and consequential damages, plus interest to the maximum allowed by law, should be trebled pursuant to applicable provisions of law, in amounts exceeding the minimum jurisdiction limits of this Court, to be assessed against Defendant.

### *Breach of Common Law Tort of Unreasonable Collection Efforts*

40    Plaintiffs reallege the allegations contained above, inclusive, and incorporate the same herein by reference.

41    This is a cause of action for the commission of unreasonable collection efforts in violation of the common law of the State of Texas

42    By such actions and course of conduct, whereby Defendant repeatedly refused to recognize payments that had actually been made on Plaintiffs' account by continuing to insist charging late charges as if such payment had not been made, and by continuing to insist upon payment for such amounts, placing the property in foreclosure and imposing numerous additional charges upon Plaintiffs' mortgage loan account, Defendant has slandered Plaintiffs'

credit reputation, defamed their credit and exposed them to ridicule in the community, thereby causing them further economic damages. Additionally, as set forth above, Plaintiffs have suffered extreme and several mental anguish and emotional distress resulting in loss of income and mental suffering.

43   Such acts and practices of Defendant have been unreasonable and have violated the ordinary standard of care required of mortgage loan servicing companies, which breach of duty has proximately caused damages to Plaintiffs exceeding the minimum jurisdictional limits of this Court. Plaintiffs therefore seek recovery of all of their actual damages proximately caused by such violations of law, including but not limited to recovery of all actual damages sustained, all actual direct and indirect economic damages, including but not limited to damages for loss of credit and damages to credit reputation, attorney's fees, and mental anguish and emotional distress, damages resulting from payment in excess or additional interest due to inability to refinance, and any consequential damages, all in amounts exceeding the minimum jurisdictional limits of this Court.

44   Since such acts were conducted maliciously, willfully and with wanton and gross disregard for the rights of Plaintiffs, Plaintiffs demand judgment against Defendant for punitive or exemplary damages in excess of the minimum jurisdictional limits of this Court, in an amount to be set by the factfinder in accordance with law, in order to make of Defendant an example for the public good and to deter future wrongdoing.

### *Declaratory Judgment*

45   Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiffs request that this court consider the terms of the Deed of Trust and Note and find that the FHA regulations are applicable to the foreclosure procedure, and that Defendant has violated the terms

and spirit of the act and that any foreclosure should be enjoined until there has been full compliance with the act in good faith.

### *Specific Performance*

46. The United States Department of Housing and Urban Development Mortgagee Letter 00-05 dated January 19, 2000, provides in part as follows, to-wit:

> "The FHA Loss Mitigation Program delegates to lenders both the authority <u>and the responsibility</u> to utilize actions and strategies to assist borrowers in default <u>in retaining their homes</u>, and/or in reducing losses to FHA's insurance funds..." (emphasis ours).

> "Though lenders have great latitude in selecting the loss mitigation strategy appropriate for each borrower, it is critical to understand that **participation in the loss mitigation program is not optional**.  Lenders are required to:

> - Consider all reasonable means to address delinquency at the earliest possible moment.
> - Inform borrowers of available loss mitigation options and the availability of housing counseling with the second month of delinquency...
> - <u>Utilize loss mitigation whenever feasible to avoid foreclosure</u>..." (emphasis ours).

47. Defendant has failed to comply in good faith with Plaintiffs' request for loss mitigation. Plaintiffs therefore request that this Court order Defendant to comply with the FHA regulations.

### VI. DAMAGES

48. As a proximate result of the attempted wrongful foreclosure by Defendant, Plaintiffs have incurred, or will incur the following actual damages:

   A. Reasonable and necessary attorney's fees and costs in the proceedings before this court, and those fees required for any appeal to the Court of Appeals, and thereafter to the Supreme Court.

   B. The loss of creditworthiness and the stigma of foreclosure.

   C. Mental anguish and acute psychic trauma.

   D. The loss of title to their home.

## VII. DEMAND FOR JURY

49   Plaintiffs demand a jury trial and tender the appropriate fee.

## VIII. INJUNCTIVE RELIEF

50   Despite the wrongful nature of the aforementioned foreclosure, Defendant is proceeding to sell Plaintiffs' property.

51   Unless restrained, Defendant will proceed with the aforementioned action to sell the property. There is no remedy at law that is clear and adequate to protect Plaintiffs' property interests against Defendant's wrongful possession of the Property, because such an action will deprive Plaintiffs of the use and enjoyment of the property, the right to sell or mortgage the property at some future date, and Plaintiffs will not obtain the full benefit of accumulated equity or appreciated value.

52   This request for injunctive relief is so that justice may be done, not merely for delay. Plaintiffs have performed all conditions precedent and are ready, willing, and able to perform such equitable acts as the court deems necessary.

53   A trial court may grant equitable relief when a dispute involves real property. *Butnaru v. Ford Motor Company*, 84 S.W.3d 198 (Tex. 2002).

## IX. PRAYER

54   **WHEREFORE**, Plaintiffs request that:

a) The Court issue a temporary restraining order without notice to Defendant, restraining Defendant, its agents, servants, employees, attorneys, Trustees and Substitute Trustees, from directly or indirectly selling or attempting to sell the property, under the power of sale contained in the Deed of Trust.

b) Defendant be cited to appear and show cause, and that upon hearing, a temporary injunction be issued enjoining Defendant, its agents, attorneys, servants, and employees, Trustees and Substitute Trustees, from directly or indirectly selling or attempting to sell the property under the power of sale contained in the deed of trust

c) That Defendant be cited to appear for trial of Plaintiffs underlying causes of action, and that after said trial the Court DECLARE that the Note and Deed of Trust are subject to FHA Regulations, and that Defendant is in breach of the Regulations.

d) Plaintiffs recover their actual damages, out-of-pocket damages, and punitive damages and/or treble damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, mental anguish, emotional distress, anxiety, depression, and humiliation.

e) Plaintiffs have costs of court and reasonable and necessary attorney fees in this action and resulting writs or appeals.

f) Defendant be ordered to render an accounting to Plaintiffs of the amounts owed pursuant to the Real Estate Settlement and Procedure Act (12 U.S.C. Section 2605(e)).

g) That upon final trial, the acceleration of the Note be set aside, and the Note be reinstated according to law without applicable late charges, penalties, and interest.

h) Such other and further relief in equity and at law to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**GAGNON & PEACOCK, P.C.**
4245 North Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone (214) 824-1414
Facsimile: (214) 824-5490

By: _____
J.B. Peacock, Jr.
State Bar No.15678500
D.G. Gagnon
State Bar No. 00798423

ATTORNEYS FOR PLAINTIFFS

---

**PLAINTIFFS' ORIGINAL PETITION & APPLICATION FOR TEMPORARY RESTRAINING ORDER**     **Page 13**
Mitchell

## LOCAL RULE 2.02 CERTIFICATION

By his signature below, the undersigned counsel represents that, to the best of his knowledge Defendant is not represented by counsel in the matter made the basis of this suit. However, Barrett Burke Wilson Castle Daffin & Frappier represents Chase in the foreclosure proceeding. Defendant Chase and its foreclosure attorneys, Barrett Burke Wilson Castle Daffin & Frappier, have been notified of this application and proposed Temporary Restraining Order at least 2 hours prior to Plaintiffs presenting this application and proposed order before the Court.

Circumstances do not permit additional efforts to give notice.

Pursuant to Local Rule 1.08, this case is not so related to an earlier filed case as to require assignment to a predesignated court.

Of Gagnon & Peacock, P.C.